J. E. GREENE COMPANY and LIBERTY LUMBER COMPANY,
Plaintiffs in Error,

*v.*

WILLIAM BENNETT, Defendant in Error.

(*Knoxville*, September Term, 1960.)

Opinion filed December 9, 1960.

Minter & Tipton, Kingsport, for J. E. Greene Co.

Simmonds, Bowman & Herndon, Johnson City, for Liberty Lumber Co.

D. M. Guinn, Johnson City, for defendant in error.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The substance of the award in this case made jointly against the two above named employers in favor of the petitioner is as follows:

On or about December, 1954, or January, 1955 (the petitioner being unable to remember the exact date), while he was performing his regular duties for his then employer, Liberty Lumber Company, the petitioner suffered an accident. While handling a barrel of dry cement, some of the cement was caused to strike him in the eyes when the barrel slipped; as a result, his eyes became irritated to the extent that he required medical attention; notice was given immediately to the defendant through notice to an assistant superintendent or foreman, who sent him to a Dr. Harvey for treatment; after washing out and treating his eyes for a few days, the doctor advised petitioner that his eyes had cleared up and would be all right and petitioner relying upon the advice of said doctor and feeling that his eyes had apparently cleared up and that his injuries appeared to be minor, he returned to work after about 2 days and made no claim for compensation benefits at the time nor was any compensation paid to him.

Sometime thereafter, when he had ceased working for Liberty Lumber Company, he went to work for J. E. Greene Company and on the 9th day of April, 1957, suffered a second accident while engaged in the regular employment of same; a starter rope on a gasoline engine slipped and struck him across both eyes, as a result of which he was placed in the hospital for about a week

under the care of this employer's physician and was temporarily totally disabled from work for two weeks.

The petition, which was filed on December 18, 1957, was filed obviously more than one year after the first accident, but the eyes had apparently cleared up at that time and petitioner, relying upon the doctor's advice that his left eye would be all right, had gone back to work and was performing his regular work and was unaware of any disability to said left eye until the occurrence of the second accident; the disability to the left eye did not arise and was not known or discoverable until the occurrence of the second accident; therefore, the action is not barred by the one-year statute of limitations.

The petitioner has sustained a total and permanent loss of the use of his left eye as the result of both of said accidents and the combination thereof and the defendants are jointly and severally liable for such loss, petitioner before the second accident had normal vision in his right eye, but since then his right eye has been impaired to such an extent that he must now wear glasses, can not see as well as he did before the accident, his eye waters and bothers him a great deal and has been permanently damaged as a result of the second accident and he has sustained a partial permanent disability of 25% loss of the use of his right eye.

Both employers have assigned as error that the court should not have given any weight to the testimony of petitioner and his witnesses, except the Company doctor of J. E. Greene Company, because the testimony was so incredible as to be beyond belief.

We have examined the entire testimony and we think this assignment is clearly without merit and same

is overruled. This petitioner was 49 years old, married, and had 7 children living at home, is illiterate completely and is only a common laborer. There is some slight confusion in some of his responses to questions of counsel, but considering the type of individual he is, we think he gave a credible account of what happened and certainly if the Chancellor, who observed the man, believed him, there is nothing in this record to justify our interference to the contrary.

Both defendants also assign error that there is no evidence to support the findings of the Chancellor. This assignment is overruled.

Liberty Lumber Company assigned as error the holding that the statute of limitations of one year did not apply. The evidence amply justifies this finding; the evidence is that the dry cement irritated his eyes, particularly the left eye, and that the doctor prescribed medicine which petitioner used for about a month and his vision seemed to be about normal except that he did notice that his left eye was gradually apparently getting weaker. However, he was able to see out of it and do his regular work thereafter until he was laid off and then when he went to work for J. E. Greene Company he was able to do his regular work, climbing around on top of buildings and other such things as needed to be done. Liberty had notice of the first accident, sent him to Dr. Harvey and for some reason not disclosed in the record, Dr. Harvey did not appear to testify in contradiction of this man's statement as to what Dr. Harvey told him. It was not until the occurrence of this second accident that he became virtually blind in the left eye and he testified that he first became aware of no sight in the left eye when he got out of the hospital after the second accident which

occurred after he had gone to work for J. E. Greene Company. The Chancellor was correct in finding that the statute of limitations had not run on the authority of *Griffitts v. Humphrey,* 199 Tenn. 528, 288 S.W.2d 1.

For the foregoing reasons, the fifth assignment of error in behalf of J. E. Greene Company must be overruled, under which assignment it is asserted that the proof shows that he was blind in the left eye at the time of the second accident and that the medical proof shows that his condition of blindness was of long standing and that the second injury had no bearing on the petitioner's loss of vision in his left eye.

The doctor did say that in his opinion the blow in the second accident from the rope did not have any effect on the left eye, because he thought the condition of the eye, blindness, was one of long standing. He did testify, however, that any hard blow by cement could have caused damage to the eye and that it could have caused a cataract, that such cataract could have developed either slowly or rapidly and could likewise have been absorbed slowly or rapidly, and that condition could have developed into the secondary glaucoma he found present.

Be that as it may, however, the petitioner, as heretofore indicated, testified that he had no trouble before the second accident about carrying on his regular work and he did not notice this condition in his left eye until after the occurrence of the second accident. We said in *Bush Brothers & Co. v. Williams,* 197 Tenn. 334, 339, 273 S.W. 2d 137, 139:

"The Trial Judge, however, was not bound to accept the statements of the doctors in this regard; he was

entitled to determine from all of the evidence in the case, both expert and non-expert, the extent of the disability, that is whether partial or permanent, and if partial, what amount. *Crane Enamel Co. v. Jamison,* 188 Tenn. 211, 218, 217 S.W.2d 945; *Lunsford v. A. C. Lawrence Leather Co.,* 189 Tenn. 293, 298, 225 S.W.2d 66.''

■ The sixth assignment of error on behalf of J. E. Greene Company complains that the court fixed 25% as the amount of impairment of vision of the right eye arising out of the second accident when the medical proof showed that it was at most 5%. Of course, for the reason just stated in the foregoing paragraph, it was the duty of the Chancellor to determine from all of the evidence the percentage of impairment of vision of the right eye.

■ The seventh assignment of this defendant complains that the court declined to approve a settlement of 5% impairment of vision of the right eye plus two weeks of temporary total disability which had been agreed upon by the parties. Obviously, the court can not be put in error in this regard, because the judge does not do his duty if he does not follow T.C.A. sec. 50-1006 and satisfy himself that the settlement is fair and approve the same; and under the same section it may be brought up for review by the Department of Labor.

■ Lastly, both defendants complain of the finding of joint and several liability. They cite no authority in support of this position. Petitioner cites 99 C.J.S. Workmen's Compensation sec. 46a(2), p. 237, note 48, a Louisiana case of *White v. Taylor,* La.App., 5 So.2d 337, which holds that under these circumstances, both em-

ployers are liable for the whole. We think in view of the Chancellor's finding that the total and permanent loss of the use of the left eye is a result of both of said accidents and a combination thereof, that it would be impossible under the testimony of the doctor in this case to allocate any particular part to either one of the employers; and, therefore, the Chancellor's disposition of the matter was correct.

Decree below affirmed.