RICE BOTTLING COMPANY

*v.*

THURMAN HUMPHREYS, JR., b/n/f BERNICE HUMPHREYS.

372 S.W.2d 170.

(*Knoxville,* September Term, 1963.)

Opinion filed November 6, 1963.

LEWIS MERRYMAN, Elizabethton, for petitioner, STREET, BANKS, MERRYMAN & MUSICK, Elizabethton, of counsel.

J. R. SIMMONDS and HARRY N. FORTUNE, Johnson City, for respondents, SIMMONDS, BOWMAN & HERNDON, Johnson City, of counsel.

MR. JUSTICE DYER delivered the opinion of the Court.

This is a Workmen's Compensation case wherein the employer, Rice Bottling Company, has appealed from a decree awarding employee, Thurman Humphreys, Jr., compensation based upon a finding of forty percent permanent partial disability to the body as a whole and medical expenses.

Employee was engaged as a helper on soft drink delivery trucks, when about July 5, 1962 in the process of pulling five of these soft drink cases up some steps in a buggy he felt a pain in the lower part of his back. Employee continued working though suffering pain and two days later told his foreman of the incident. On July 30, 1962 employee while in the process of helping lift a hydraulic jack onto a truck felt a severe pain in the same region of his back. Later on the same morning while out on the delivery truck he felt something pull

loose in his back and was unable to continue work. Employee was brought back to the plant and sent to the company doctor, who referred him to Dr. Howell Sherrod, an orthopedic surgeon.

Dr. Sherrod first examined employee on July 30, 1962 and felt after examination he had lumbar spine sprain advising muscle relaxants and rest. Employee returned to Dr. Sherrod on August 2, 1962 and after examination he found the muscles relaxed advising employee to return to work. Employee returned to Dr. Sherrod on August 9, 1962 complaining of his back and after examination told the employee he could not find anything wrong. Dr. Sherrod examined the employee again on January 28, 1963. Upon the trial Dr. Sherrod testified he could find nothing wrong with employee's back.

On August 8, 1962 employee went to Dr. G. A. Stine, a chiropractor, who treated him up until the time of the trial February 19, 1963. Dr. Stine testified employee was totally disabled from doing the kind of work he had been doing.

Employee testified of his ability to work prior to the accident and his inability to work after the accident. He further testified in his opinion he was 100% disabled and gave a long history of pain suffered since this accident. The father, mother and wife of employee testified to his ability to work prior to the accident, inability to work after the accident, and his numerous complaints about his back; and further to the fact many times his wife during the night had to rub his back.

■■ Employer alleges as error there is no evidence to support the finding of the Chancellor in awarding

employee forty percent permanent partial disability to the body as a whole. In the case of *Ward v. North American Rayon Corporation,* 211 Tenn. 535, 366 S.W.2d 134, (1963) this Court said:

"This being a workmen's compensation case, the Chancellor's findings of fact, if supported by any substantial evidence, are conclusive upon us—conclusive not only as to the credibility of the witnesses and the basic evidentiary facts, but also as to the inferences reasonably drawn from such facts. *Atlas Powder Co. v. Leister,* 197 Tenn., 491, 274 S.W.2d 364; *Gen[eral]. Shale Products Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736; *J. E. Greene Co. v. Bennett,* 207 Tenn. 635, 640-641, 341 S.W.2d 751.

"By 'substantial evidence,' as here used, is meant 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Chief Justice Hughes, *Consolidated Edison Co. [of New York] v. National Labor Relations Board,* 305 U.S. 197, 59 S.Ct. 206, 217, 83 L.Ed. 126, 127, 140; *Cude v. Culberson,* 30 Tenn.App. 628, 639, 209 S.W.2d 506."

█ Applying the rules as set out in the Ward case we think there is substantial evidence to support this finding of the Chancellor. This assignment of error is overruled.

The employer alleges error in the action of the Chancellor in allowing recovery of a $335.00 fees due Dr. Stine for medical treatment. The Chancellor found on this point as follows:

"The Court is of the opinion that the medical expenses are reasonable, and that they were necessary, and that he was not getting the relief which he felt he was en-

titled to under the circumstances and was justified in seeking medical assistance otherwise, and that the One Hundred Dollar limitation does not apply under the facts in the case for the reason that there is no evidence in this record that he was submitted a list of three doctors from which to select a doctor to give him treatment.''

In *Proctor & Gamble Defense Corp. v. West,* 203 Tenn. 138, 310 S.W.2d 175, this Court said:

''The provision as to the liability of the employer for medical and hospital expenses incurred in treating the employee's injuries is carried at Code Section 50-1004. It provides that the employer shall furnish within certain limitations

'' 'such medical and surgical treatment, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus and hospitalization, including such dental work made reasonably necessary by accident as herein defined, as may be reasonably required. The injured employee shall accept the same; provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons if available in that community from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician.'

''If this statute means what it says then the employer is to 'furnish' and the employee 'shall accept the same'. This language makes it clear that the intent of the statute was for the employee to certainly do not less than consult his employer before incurring the ex-

penses called for by that statute if the employee expects the employer to pay for it. The opposite would seem to be against public policy. *Read Irwin v. Fulton Sylphon Co.,* 179 Tenn. 346, 166 S.W.2d 610."

■ It is apparent from this record Dr. Sherrod felt there was nothing wrong with employee and so conveyed this information to him, which would carry the obvious inference there was no need for employee to return to this doctor. Employee under these circumstances sought out a doctor of his own choosing (Dr. Stine) without consulting employer. This raises the question whether employee having exhausted medical services offered by employer, yet feeling the need of further medical service, is justified in incurring further medical expense to be paid by employer, without consulting employer. We cannot answer this question in a categorical way since a correct answer would depend upon the circumstances surrounding such action.

■ The Chancellor found employee under the circumstances was justified in incurring further medical expense to be paid by employer. We are not able to agree as we do not find any substantial evidence or reasonable inferences to be drawn from evidentiary facts to support a finding employee was justified, or in other words had a reasonable excuse, in incurring further medical expense without consulting employer.

We need to keep in mind the question is not whether employee needed further medical service, but whether employee was justified in obtaining further medical service, without consulting employer, yet expecting employer to pay for same. The only evidence in this record on this point are inferences drawn from evidentiary facts and

such do not support employee's position. Employer upon being informed of employee's injury sent him to the company doctor, who upon learning the nature of the injury referred him to an orthopedic surgeon admitted to be qualified. This is accepted medical practice and supports the inference employer in furnishing medical service was doing so in good faith. It is shown employee lived in the area where employer had his place of business, and continued to live in the same area while being treated by a doctor of his own choosing. The inference to be drawn is that it would not have been difficult for employee to have consulted with employer.

The decree of the Chancellor in awarding the item of $355.00 for medical expense is reversed; otherwise the decree is affirmed.