DORRIS GENE SMITH, Plaintiff in Error,

*v.*

F. A. NORRIS and F. A. NORRIS, JR., dba F. A. Norris and
Son, et al., Defendants in Error.

403 S.W.2d 307.

(*Jackson,* April Term, 1966.)

Opinion filed May 6, 1966

GRAHAM MOORE, Memphis, for plaintiff in error.

LEO BEARMAN and ROBERT M. BURTON, Memphis, for defendants in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an action to recover benefits under the Tennessee Workmen's Compensation Law. The case origi-

nated in the Circuit Court of Shelby County, Tennessee. In that Court, the trial judge ordered that the plaintiff in error, petitioner below, recover from defendant in error, defendant below, the sum of $1,116.00, which represented thirty-one weeks at $36.00 per week for temporary total disability, and $720.00 for five per cent permanent partial disability of the body as a whole. The trial court denied recovery of certain medical expenses after concluding that the plaintiff in error did not permit the defendant in error to choose the physician who treated plaintiff in error

Plaintiff in error made a motion for a new trial, which was overruled. Appeal has been perfected to this Court, based upon the following assignments of error:

## "I.

It was in error for the Court to refuse to award petitioner his hospital expenses.

This was error for the reason that as soon as petitioner was informed by Dr. Ogle that he had sustained a severe strain or a ruptured disc, he called Defendant Norris and informed him of Dr. Ogle's diagnosis, and that Dr. Ogle had advised him, petitioner, to enter a hospital for further examination. (R 44)

And on the day he entered the hospital he called Defendant Norris and informed him that it appeared he would have to have an operation (R 129). He also asked Defendant if his insurance would cover the expenses.

Up to that time petitioner did not know the extent and cause of his pains in his back. Bricklayers and heavy blocklayers often have pain in the back after a hard

day's work, but after a night's rest it clears up (R 154).

Other reasons will be stated more fully in the argument.

## II.

It was in error for the Court to refuse to award petitioner his medical expenses. This was error for the reasons set out in Assignment I, and in addition, Defendants denied liability (see letter Exhibit following Page 162 of the Record), and are in no position to deny liability for these expenses.

## III.

It was error for the Court to award petitioner only five (5%) per cent permanent partial disability.

This was error for the reason that the evidence is undisputed and conclusive that Plaintiff in Error had been laying bricks and blocks for two (2) or three (3) years and had completely recovered from an injury in 1959, (See testimony of Petitioner in Error (R 43), testimony of Petitioner in Error's wife (R 47), testimony of Dr. Ogle, (R 101-108-109) and testimony of Defendant's witnesses, Wilson (R 145) Davis (R 146). He had been regularly laying bricks and concrete blocks.

Other reasons will be considered in the argument.''

Plaintiff in error's assignments of error I and II relate to the refusal of the Court to award him medical and hospital expenses. At this point, it will be pertinent to look to the trial court's finding of fact, which reads, in part, as follows:

''A question raised in this case is the effect of the failure of the Petitioner to permit the Employer to

choose a physician for treatment after it was discovered by the Petitioner that he was injured in a compensable accident. At about the same time as the accident, October 16, 1963, the Petitioner was suffering from the flu and was under the treatment of a physician. On one of his visits to the doctor for a treatment, he mentioned his back injury and was treated for that, and then, was sent to Dr. W. S. Ogle for further treatment of the injury by the doctor who was primarily concerned with the flu treatments. Even though there was considerable negative proof that the Petitioner made no mention of an accident on the job, the record as a whole is convincing to this Court that there was a compensable accident and injury.

Since the Petitioner did not permit the Defendant, Employer, to choose the physician, this Court is of the opinion the resulting medical bills are not covered under the Act, and this is substantiated by the opinion of the State Supreme Court in *Rice Bottling Co. vs. Humphreys* [213 Tenn. 8] 372 S.W.2d 170.''

■ It is the well settled law of this State that where there is any material evidence to support the trial court's finding of fact in a Workmen's Compensation case, this Court is bound by any such finding of fact. This rule is well stated in the case of *Ward v. North American Rayon Corp.* (1963), 211 Tenn. 535, 366 S.W.2d 134:

''This being a workmen's compensation case, the Chancellor's findings of fact, if supported by any substantial evidence, are conclusive upon us—conclusive not only as to the credibility of the witnesses and the basic evidentiary facts, but also as to the inferences reasonably drawn from such facts. *Atlas Powder Co. v.*

*Leister,* 197 Tenn. 491, 274 S.W.2d 364; *Gen. Shale Products Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736; *J. E. Greene Co. v. Bennett,* 207 Tenn. 635, 640-641, 341 S.W.2d 751.''

See also, *White v. Whiteway Pharmacy, Inc.* (1962) 210 Tenn. 449, 360 S.W.2d 12.

■ However, this phase of the case does not turn on a finding of fact on disputed evidence. It turns upon an error of law. Such an error is reviewable here, without limitation.

■■ A thorough reading of the cases in this State which deny an employee medical and hospital expenses, where it is established that these expenses result from a work related injury, do not seem to be in point. In all of those cases, the employee refused or neglected to avail himself of tendered medical assistance. *Proctor & Gamble Defense Corp. v. West* (1958) 203 Tenn. 138, 310 S.W.2d 175, *Rice Bottling Company v. Humphreys* (1963) 213 Tenn. 8, 372 S.W.2d 170, and *Irwin v. Fulton Sylphon Co.* (1942) 179 Tenn. 346, 166 S.W.2d 610. Such is not the case here. In this case, there is no dispute in the testimony in the record but that on the Monday prior to the operation on Wednesday, the employer was notified by the employee that he was going to the hospital and was being treated by Dr. Ogle. The employer made no objection, nor prior to the operation tendered medical assistance of any kind. It is also undisputed in the record that the employee notified the employer at the time that he was seeking coverage under what the employer could not have helped but have known was Workmen's Compensation insurance. We think it fair to say that where an employer is given notice that medical attention is neces-

sary and the employee intends to seek compensation for the same under the Workmen's Compensation Act, and the employer knows that a certain physician is rendering the needed medical attention and fails to object and to tender the three physicians required by T.C.A. Section 50-1004, the employee will not be denied recovery for medical and hospital expenses incurred. See 58 Am.Jur. 802 (Workmen's Compensation, Sec. 327). cf. *Atlas Powder Co. v. Grimes* (1958) 200 Tenn. 206, 292 S.W.2d 13.

■ Plaintiff in error's assignment of error III urges that the trial court erred in awarding plaintiff in error only five per cent permanent partial disability. Again, it is necessary to look to the trial court's finding of fact in connection with this assignment of error:

"The treating physician gave the Petitioner a 15% anatomical disability of the body after he reached maximum recovery from the accident. Prior to this accident, the Petitioner had been involved in an accident and was treated by Dr. Ogle for injuries in that prior accident. After the Petitioner had reached his maximum recovery, Dr. Ogle awarded him a 15% permanent partial disability to the body. The doctor's explanation of how the Petitioner can now have 15% permanent partial disability from that accident in view of the prior award of 15% permanent partial from the first accident is that he was mistaken about the percentage from the prior accident, and the Petitioner improved considerably up until the accident of October 16, 1963. The Petitioner however, has heretofore been compensated on the basis of 15% permanent partial disability as a result of the first accident, and this payment and degree of disability was approved by a

Court of Record and the Workmen's Compensation Commission.

The Court finds some material evidence in this Record that the Petitioner was 15% permanently disabled on the date of the instant accident. There is also material evidence in this record from the Court's observance of the Petitioner in the Court Room and other material evidence that he is now 20% disabled and should therefore be entitled to a compensation award of 5% Permanent Partial Disability to the body as a whole. The undisputed evidence is that he was entitled to the maximum rate of compensation of $36.00."

The previously stated rule as to the limited scope of review exercised by this Court as to facts in Workmen's Compensation cases is equally applicable here. The plaintiff in error himself testified during the trial that right up to the time of the accident, he had suffered to some extent from the prior accident. In fact, he testified that he suffered sufficiently from the prior accident to necessitate his sleeping in a back brace only a night or two prior to the second injury. All of the medical testimony indicated that plaintiff in error was, at the time of the trial, suffering from, at most, a 15% disability to the body as a whole. In light of this, and plaintiff in error's own testimony, that prior to the second injury he was still suffering from the first, this Court believes that the trial court's finding that plaintiff in error suffered only a 5% permanent partial disability to the body as a whole from the second injury, is supported by sufficient material evidence contained in the record.

It follows that the holding of the trial court, disallowing medical and hospital expense, is reversed.

This case will be remanded to the trial court for a determination of the exact amount of medical and hospital expenses accruing after the employer received notice on Monday, October 28, 1963, the same to be awarded within the limits of the Tennessee Workmen's Compensation Act, to plaintiff in error. In all other respects, the judgment of the trial court is affirmed, with costs against the defendants in error.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.