**TOM STILL TRANSFER COMPANY, Inc.,
and Aetna Casualty and Surety Com-
pany, Appellants,**

v.

**Jimmy Don WAY, Appellee.**

Supreme Court of Tennessee.

July 3, 1972.

Frank K. Moore, J. Patrick Ledford, Kingsport, for appellants.

John S. McLellan, Preston H. Taylor, Kingsport, for appellee.

OPINION

JENKINS, Special Justice.

This is a case wherein the employer, Tom Still Transfer Company, Inc., has appealed from a decree awarding certain benefits under the Workmen's Compensation Laws to the employee, Jimmy Don Way.

The employee was engaged as a helper on transfer trucks. On January 23, 1971, while unloading a container weighing approximately one hundred pounds, he experienced a sharp pain in his back following which he became dizzy and nauseous and so advised a fellow employee. Unable to continue working, the employee reported the incident to the company manager who personally accompanied him to the emergency room of Holston Valley Community Hospital, where the employee received medical treatment. The emergency room physician prescribed "pain pills" and rest with instructions to return in a few days. His back pain persisted and a few days later the employee returned to Holston Valley Community Hospital where he was treated again before returning home. Several days thereafter, his back ailment failing to improve, the employee went to Dr. John E. Munal at Munal Clinic where he was immediately hospitalized. The duration of the employee's treatment was thirteen days following which he was re-hospitalized for an additional nine or ten days. After being discharged, and subsequent to filing this lawsuit, the employee was examined by Dr. Winston E. Pannell, a chiropractor.

The Chancellor, upon hearing of the cause, found that the employee had suffered a compensable injury, and awarded benefits for temporary total disability from the date of injury to the date of trial, benefits for permanent partial disability of forty percent to the body as a whole, and finally awarded him all medical expenses.

The employer asserts as error the Chancellor's finding that the employee was entitled to recover all medical expenses. The employer concedes that it is liable for the medical bills of Holston Valley Community Hospital where the employee initially received treatment and in fact has paid for the same. The employer maintains, however, that it is not liable for the medical bills of Dr. John Munal, Munal Clinic and Chiropractor Pannell. This raises the question whether the employee, having accepted the offered medical treatment at Holston Valley Community Hospital, but feeling the need of further medical aid, was justified in incurring the expense of additional medical services. A correct answer depends upon careful consideration of the particular circumstances surrounding such action.

T.C.A. Section 50-1004 outlines the liability of the employer for medical and hospital expenses incurred in treating the employee's injuries under the Tennessee Workmen's Compensation Act. This provision clearly states that the employer is to furnish and the employee shall accept the afforded medical aid. The statute further provides that the employer shall designate a group of at least three reputable physicians. The employer personally accompanied the injured employee to Holston Valley Community Hospital, and thereby afforded him the opportunity to receive all necessary medical assistance. It was shown that Holston Valley Community Hospital is the only public hospital in Kingsport, Tennessee, that this hospital and its doctors are totally independent of the employer, and that this facility is serviced by the majority of the medical doctors in Kingsport.

Furthermore, the employee accepted the treatment initially afforded at Holston Valley Community Hospital and subsequently returned for additional medi-

cal assistance. Several days thereafter the employee voluntarily sought and received medical care from Dr. John Munal at Munal Clinic. The language as set forth in T.C.A. § 50–1004 makes it clear that the intent of this provision was for the employee to consult his employer before incurring the expenses called for by the statute if the employee expected the employer to pay for it. Proctor & Gamble Defense Corporation v. West, 203 Tenn. 138, 310 S.W.2d 175 (1958), Rice Bottling Company v. Humphreys, 213 Tenn. 8, 372 S.W.2d 170 (1963). We find no evidence, material or otherwise, to support the Chancellor's decision that the employer knew that his employee had sought medical treatment other than at the public hospital. The trial record indicates that the employer had received no notice whatsoever of his employee's dissatisfaction with the Holston Valley Community Hospital or of the employee later being admitted to the independent clinic operated by Dr. John Munal.

Inasmuch as both medical facilities are located in Kingsport, presumably it would have worked no undue hardship on the employee to go to the community hospital rather than to Munal Clinic for treatment. Moreover, the employer's place of business is also located in Kingsport. The inference can be reasonably drawn that it would not have been difficult for the employee to have consulted with his employer concerning additional medical care. Finally, there is no evidence of any discord or disagreement between the employee and the physicians at the community hospital; the employee simply felt that he was not receiving adequate medical treatment for his injury.

In Rice Bottling Company v. Humphreys, supra, this Court said:

"We need to keep in mind the question is not whether employee needed further medical service, but whether employee was justified in obtaining further medical service, without consulting employer, yet expecting employer to pay for same."

In the instant case the employer furnished his employee with medical treatment and facilities at Holston Valley Community Hospital which in turn were accepted and used by the employee. Under the circumstances surrounding this action we believe that the employee was not justified in obtaining further medical service without first consulting his employer. Thus, the employer is not liable for the medical bills of Dr. John Munal and Munal Clinic where the employee went of his own volition, unknown to the employer. Furthermore, for the same reasons applicable to Dr. Munal and Munal Clinic, the employer is not liable for the bill of the chiropractor, Dr. Winston Pannell.

The employer also alleges that the Chancellor's finding that the employee suffered a forty percent permanent partial disability to his body as a whole is unsupported by any material evidence and thus in error. The employer contends that where the injury is as serious, and its medical effects are as complicated, as that suffered by the employee, the permanency of the injury and the causal relationship between the employee's symptoms and his permanent disability can be established only by competent medical testimony. The employer maintains that this is especially true of the employee who has suffered three previous workmen's compensation injuries, one of which resulted in thirty-nine percent permanent partial disability to the body as a whole from a back injury. The employer further asserts that the employee, as a layman and common laborer, has no way of knowing whether the symptoms he was suffering at the date of trial are permanent or just the residual effects of his previous injuries.

In this case, as in all workmen's compensation cases, the claimant's own assessment of his physical condition and resulting disabilities is competent testimony and cannot be disregarded. The employee testified that from the date of his back injury he has experienced its painful effects and that despite intensive medical treatment, his physical condition was not improving. The employee further testified

that as a result of this injury he can perform only light work and that even light work causes pain and discomfort which prevents him from sleeping at night.

However, while lay testimony of the claimant is of probative value in establishing simple matters such as existence of pain, its location, inability to work, etc., there are areas in which lay testimony is obviously incompetent. It has been consistently held that lay testimony in all but the most obvious cases is insufficient to support a finding of medical causation or a finding of permanent disability. Magnavox Company of Tennessee v. Shepherd, 214 Tenn. 321, 379 S.W.2d 791 (1964); Floyd v. Tennessee Dickel Distilling Company, Tenn., 463 S.W.2d 684 (1971).

A review of the trial record reveals that both medical doctors who examined the employee stated that he suffered no permanent injury to his back as a result of the accident. Dr. Munal, the general practitioner to whom the employee voluntarily went for treatment, and who cared for him over the longest period of time, testified that there were no residual effects from the injury. Dr. Robert T. Strang, the orthopedic surgeon to whom the employer sent the employee for evaluation, also testified that no permanent injury was sustained.

The only evidence introduced by the employee, other than his own testimony, as to the permanency of his disability, was the testimony of Winston E. Pannell, the chiropractor. Dr. Pannell, whom the employee visited after receiving medical treatment from both the Holston Valley Community Hospital and Dr. Munal as well as after commencing this lawsuit, testified that the employee had suffered eighty to ninety percent permanent disability to the body as a whole.

■ In Tennessee, a chiropractor is competent to testify as an expert only as to matters within the limited scope of his profession. Ward v. North American Rayon Company, 211 Tenn. 535, 366 S.W.2d

134 (1963). T.C.A. § 63–401 defines chiropractic as "the science of palpating, analyzing, and adjusting the articulations of the human spinal column and adjacent tissues by hand." In Ison v. McFall, 55 Tenn.App. 326, 400 S.W.2d 243 (1964), the Tennessee Court of Appeals construed "the field of chiropractic to be limited to the treatment of those illnesses and diseases of the human body which doctors of chiropractic reasonably believe can be treated by the manual manipulation of the spine."

In the instant case the chiropractor admitted in his testimony that he could see nothing in his field of practice that would benefit the employee. Dr. Pannell further testified that he afforded the man no treatment and left it up to the employee whether to return to a medical physician or not. By his testimony Dr. Pannell revealed his belief that treatment of the employee's injury was outside the field of chiropractic, thus completely disqualifying himself from offering expert opinion on the injury suffered.

■ In all but the most obvious cases the permanency of the injury must be established by expert medical testimony. Floyd v. Tennessee Dickel Distilling Company, supra. Disqualified as an expert witness, the testimony of Dr. Pannell is not material evidence upon which a judgment of permanent disability can be based. All of the material evidence as testified to by the medical experts establishes that no permanent injury was sustained by the employee.

Based upon the evidence in this case, it is this Court's duty and obligation to limit the employee's recovery to the medical expense incurred at Holston Valley Community Hospital and the temporary total disability awarded by the trial court.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.

CRESON, J., not participating.