Linda Gail Page HARRIS, Appellant,

v.

KROGER COMPANY, INC. and Pacific Employers Insurance Company, Appellees.

Supreme Court of Tennessee.

April 3, 1978.

Sam E. Wallace, Jr., Nashville, for appellant.

Don R. Binkley, Gracey, Maddin, Cowan & Bird, Nashville, for appellees.

## OPINION

HENRY, Chief Justice.

This is a workmen's compensation action in which the employee appeals from a judgment awarding her additional temporary disability benefits but denying her any benefits for permanent partial disability or any reimbursement for medical expenses incurred in seeking a doctor chosen by the employee without consulting her employer.

### I.

It is undisputed that appellant injured her back on October 1, 1975, in an accident arising out of and in the course of her employment as a produce worker at appellee's supermarket. Appellant was taken to the emergency room of a local hospital, where she was treated and referred to Dr. John Lamb, an orthopedic surgeon. Dr. Lamb saw her over the next month and a half until November 24, 1975, when he released her for work. At that time Dr. Lamb told appellant that she would be capable of lifting up to fifty pounds.

Appellant felt that she needed further medical treatment, and her employer arranged for her to see Dr. Jack Miller in early December. When she was told of her appointment, however, appellant replied that she had other plans and was unable to see the doctor. In fact, she never saw Dr. Miller nor contacted her employer to arrange for another appointment.

Upon the expiration of the leave of absence given her because of the injury, appellant failed to return to work. As a result of this, and because she did not keep her appointment with Dr. Miller, appellant's employment was terminated on December 17, 1975. Her employer's workmen's compensation carrier paid the medical bills resulting from her visits to Dr. Lamb and the emergency room.

In the meantime, on December 4, 1975, appellant, without informing her employer or expressing any discontent with the treatment she had received, saw Dr. Lloyd Walwyn, another orthopedic surgeon. The appellant complained of pain and suffered from muscle spasms. Dr. Walwyn treated her with muscle relaxants and physical therapy until October 28, 1976. By January 14, 1976, her "symptoms were subsiding"; but Dr. Walwyn did not advise her to return to work. The doctor testified that, even though she "improved a little" during the months in which he treated her, her condition remained essentially unchanged. However, he did not advise her against

seeking employment when she informed him in February 1976 that she was looking for a new job.

## II.

The appellant makes two contentions. First she insists that the Chancellor should have awarded her benefits for permanent partial disability as well as extending her temporary benefits. Appellant argues that there are "no facts in evidence which would lead a reasonable man to believe that there is, in fact, no injury here." We disagree.

Dr. Lamb testified that after appellant's initial visit he could make no objective findings of any back injury. Her final examination was "completely normal." X-rays taken by both doctors revealed no injuries to the spine. When asked whether she would have any permanent disability, Dr. Lamb testified that it was safe for him to say that any disability would be "very minimal."

Dr. Walwyn found no objective signs of disability other than muscle spasm. Although he testified that appellant suffered from a 10% disability to the body as a whole, he was unable to state whether the disability would continue. When asked about the permanency of her condition, he replied, "I think it will continue for an indefinite period of time. I can't say it will continue permanently. I don't know."

The extent and degree of disability, if any, in a workmen's compensation case, once determined by the trial court, is binding upon this Court if supported by any material evidence. *Bradford v. Control Data Printing Co.*, 498 S.W.2d 100 (Tenn. 1973). Likewise, medical causation and the permanency of an injury must be established by medical testimony; and the burden of establishing these essential elements is upon the employee. *Mazanec v. Aetna Insurance Co.*, 491 S.W.2d 616 (Tenn.1973).

Mindful of these basic principles and the evidence adduced at trial, we cannot say that the Chancellor erred in refusing to award appellant any permanent disability benefits.

Appellant's second contention is that she is entitled to reimbursement for the medical expenses resulting from her visits to Dr. Walwyn. She bases her argument upon the alleged failure of the appellee to provide a panel of three doctors from which she might choose her treating physician. *See* Sec. 50–1004, T.C.A.

This Court has refused to hold that in every instance the failure of the employer to furnish a panel of doctors renders the employer liable for expenses for doctors chosen by the employee. *See Employers Insurance of Wausau v. Carter*, 522 S.W.2d 174 (Tenn.1975). Whether an employee is justified in seeking additional medical services to be paid by the employer without consulting him depends upon the circumstances of each case. *Rice Bottling Co. v. Humphreys*, 213 Tenn. 8, 372 S.W.2d 170 (1963).

Addressing this same issue and holding that the employee was not entitled to reimbursement, this Court stated in *Emerson Electric Co. v. Forrest*, 536 S.W.2d 343, 346 (Tenn.1976):

> In *Procter & Gamble Defense Corp. v. West*, 203 Tenn. 138, 310 S.W.2d 175 (1958), it was pointed out that "the intent of the statute was for the employee to certainly do not less than consult his employer before incurring the expenses called for by that statute if the employee expects the employer to pay for it." And where the employee incurs medical expenses on his own, the employer is not liable for payment of the expenses absent a showing by the employee that he had a reasonable excuse for not consulting with his employer before incurring the expenses. *Rice Bottling Company v. Humphreys*, 213 Tenn. 8, 372 S.W.2d 170 (1963).

In this case, as in *Emerson, supra*, the employee incurred medical expenses without expressing any dissatisfaction with the treatment her employer had already provided. Concealing the work-related nature of her injuries, she sought out Dr. Walwyn without consulting appellee or ask-

ing its authorization. Appellant explains her actions by stating that she felt "confused," "helpless," and "despondent" and wished to insure objective treatment. She has shown no reasonable excuse for her failure to consult with the appellee before seeing Dr. Walwyn.

The decree of the Chancellor is affirmed.

FONES, COOPER, BROCK and HARBISON, JJ., concur.