FILED
Feb 09, 2022
12:03 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Kimberly Hagan | ) Docket No. 2021-04-0105 |
| | ) |
| v. | ) State File No. 26575-2021 |
| | ) |
| Potomac Corp., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

The employee, a warehouse worker, alleged she injured her left shoulder while pushing and pulling heavy pallets at work. The panel-selected physician, an internal medicine specialist, opined the employee's injury did not arise primarily out of the employment. The employee's physician, an orthopedic surgeon, opined the employee's rotator cuff tear was "greater than 50% work related." Following a review of the documentation submitted by both parties, and without conducting an evidentiary hearing, the trial court determined the employee had: (1) overcome the presumption of correctness attributable to the panel-selected physician's causation opinion; and (2) come forward with sufficient evidence to indicate a likelihood of prevailing at trial on the issue of medical causation. The trial court ordered the employer to pay medical and temporary disability benefits, and the employer has appealed. Upon careful consideration of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Gregory H. Fuller, Brentwood, Tennessee, for the employer-appellant, Potomac Corp.

Kimberly Hagan, Whitleyville, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Kimberly Hagan ("Employee") worked in a warehouse operated by Potomac Corporation, also referred to in the record as Nielsen-Bainbridge ("Employer").[1] On March 24, 2021, Employee reported she suffered left shoulder pain after lifting, pushing, and pulling pallets. Employee reported her symptoms to Employer and was provided a panel of physicians from which she apparently selected Occupational Health Center in Cookeville.[2] There, it appears she was seen by a nurse practitioner, whose records were reviewed and signed by Dr. Toney Hudson, a physician board certified in internal medicine.[3] The nurse practitioner noted Employee did not report a single, specific event causing her injury but indicated she reported developing a gradual worsening of pain in her left shoulder and upper arm while performing her work activities that day. The nurse practitioner noted inflammation in Employee's shoulder and indicated she likely suffered a rotator cuff tear. An MRI later confirmed the presence of a rotator cuff tear and also revealed acromioclavicular osteoarthritis in the left shoulder.

On May 10, 2021, Dr. Hudson responded to a written questionnaire from Employer's counsel in which he was asked the following question: "With regard to the rotator cuff injury which Ms. Hagan suffers from, do you agree that a high-grade tear of the supraspinatus insertion is the result of a specific, acute incident?" Dr. Hudson replied "yes" and explained that "supraspinatus tears can be caused acutely by suddenly lifting

---

[1] In response to Employee's filing of a request for hearing, in which she indicated she was not seeking an in-person evidentiary hearing, the trial court completed a review of the record and issued its expedited hearing order based on the court's review of the documentary evidence as authorized by Tenn. Comp. R. and Regs. 0800-02-21-.15(1)(e). Our summary of the facts is derived from the documentary record.

[2] The record indicates Employer presented Employee with a panel, but she left the workplace to seek medical treatment before signing the panel. She was later presented with the panel again and signed it without indicating the selection of a specific provider.

[3] In the trial court's Docketing Notice for On-The-Record Determination, filed October 14, 2021, the records of Dr. Hudson were not included in the list of documents the trial court noted it would consider. The trial court set an October 29, 2021 deadline for Employer to submit additional documentary evidence for consideration, but no such documents were filed prior to the deadline. Thereafter, Employer attached Dr. Hudson's records to its position statement, but the trial court did not amend its Docketing Notice for On-The-Record Determination to include Dr. Hudson's records and did not give Employee an opportunity to object to the admission of Dr. Hudson's records as evidence. Moreover, there is no indication in the record that Dr. Hudson's records were admitted into evidence. Finally, Employer included Dr. Hudson's records in its "Statement of the Evidence on Appeal," which was filed after the trial court issued its order and after Employer's notice of appeal had been filed. First, we note that Employer's "Statement of the Evidence on Appeal" does not comply with Tenn. Comp. R. and Regs. 0800-02-22-.05(1). *See Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *11-12 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018). Second, that filing could not, after the fact, bring Dr. Hudson's records into the case as evidence. As a result, although we briefly refer to Dr. Hudson's records as summarized by the trial court, we conclude the trial court erred in considering those records as evidence. We further conclude, however, that such error was harmless given our resolution of this appeal.

something too heavy, falling on your arm, or dislocating your shoulder. Ms. Hagan did not experience either [sic] of these events." He then responded that Employee's "left shoulder condition did not arise primarily out of her employment" and commented that "more likely than not, her tear is the result of degenerative changes."

After Employer denied the claim, Employee sought treatment from Dr. James McGehee, an orthopedic surgeon, who performed surgery to repair the left shoulder rotator cuff tear. On August 23, 2021, Dr. McGehee signed a letter in which he opined that "there were no features on her diagnostic imaging or at the time of surgery that would clearly indicate that this was a chronic tear in her left shoulder. Therefore, in the setting of an appropriate mechanism, I would conclude that her injury is greater than 50% work related." Following its review of the documentary evidence, the trial court issued an order in which it determined that Dr. McGehee's causation opinion was entitled to greater weight. The court ordered Employer to provide certain medical and temporary disability benefits, and Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). In the context of an on-the-record determination, no "deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

On appeal, Employer raises three issues, which we have restated as: (1) whether the trial court erred in not considering the allegedly "inconsistent mechanism of injury" as reported by Employee in assessing the credibility of Employee's factual account of the incident; (2) whether the trial court erred in concluding the causation opinion offered by Dr. McGehee rebutted the presumptively-correct opinion offered by Dr. Hudson; and (3) whether the trial court erred in ordering Employer to pay past medical expenses from an unauthorized provider.

*Trial Court's Consideration of Factual Evidence*

As noted above, when Employee filed her hearing request, she indicated she was seeking the payment of temporary disability and/or medical benefits and was asking the judge to issue a decision on the record "instead of holding an evidentiary hearing." Employer did not object or request an evidentiary hearing. Thereafter, the trial court issued a docketing notice listing every document it intended to review in preparation for issuing an order, and it set a deadline for Employer to submit any additional documentation. Employer did not timely submit any additional documentation.

In its brief, Employer argues the trial court erred in not considering the "inconsistent mechanism of injury" as reported by Employee to Dr. Hudson and Dr. McGehee and in failing to take that inconsistency into account when assessing the credibility of Employee's account of the incident. Employer asserts the medical records from Dr. Hudson's office show Employee reported only "progressing pain" in her left arm and shoulder as she worked that day, but she failed to report a sudden, acute incident to Dr. Hudson (or Dr. Hudson's nurse practitioner) that would correlate with a rotator cuff tear. According to Employer, Employee subsequently reported to Dr. McGehee "sudden pain while lifting and pulling a pallet." However, as addressed above, Dr. Hudson's records were not admitted into evidence. Therefore, the only medical proof properly before us includes Dr. McGehee's medical records, his causation letter, Dr. Hudson's affidavit, and Dr. Hudson's responses to Employer's medical questionnaire. Based on our review of this proof, we cannot conclude the trial court erred in finding that Dr. McGehee's opinion rebutted the presumption of correctness afforded to Dr. Hudson's opinion. Even assuming for purposes of this discussion that Employer's characterization of Employee's statements to the physicians as inconsistent is accurate, there is nothing in this record to indicate the trial court failed to consider any such inconsistencies prior to making its determination.

Moreover, Employer does not refute that Employee complained of increasing pain in her left shoulder and arm while manipulating pallets at work on the date in question. Employer implies that this constitutes a failure on Employee's part to identify an "injury by accident" as that phrase is defined in Tennessee Code Annotated section 50-6-102(14). Yet, as we have concluded previously, an employee can also establish a compensable injury by showing an injury caused by a "set of incidents" occurring over an identifiable period of time. *See, e.g.*, *Smiley v. Four Seasons Coach Leasing, Inc.*, No. 2016-06-0104, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *21 (Tenn. Workers' Comp. App. Bd. July 15, 2016) ("a 'set of incidents' that is 'identifiable by time and place of occurrence' can constitute an 'injury by accident'"). Here, Employee reported to both medical providers that she experienced increasing pain in her left arm and shoulder while manipulating pallets at work on the date in question. Dr. Hudson (or his nurse practitioner) elected to interpret this as a failure to identify a sudden, acute accident. The trial court rejected that interpretation and chose to accept the causation opinion offered by Dr. McGehee, which it is entitled to do. *Love v. Delta Faucet Co.*, No. 2015-07-0195, 2016 TN Wrk. Comp. App.

4

Bd. LEXIS 45, at *13-14 (Tenn. Workers' Comp. App. Bd. Sept. 19, 2016). In short, we find no error in the trial court's analysis of the factual evidence or its consideration of the credibility of Employee's written account regarding the mechanism of injury.

*Rebutting the Presumption of Correctness*

Next, Employer asserts the trial court erred in concluding Dr. McGehee's records and causation opinion overcame the statutory presumption of correctness afforded Dr. Hudson's causation opinion in accordance with Tennessee Code Annotated section 50-6-102(14)(E). It bases its argument on two assertions: (1) the trial court failed to consider Dr. Hudson's status as a more experienced physician than Dr. McGehee; and (2) the record shows Employee gave a "false" and "curated mechanism of injury" to Dr. McGehee. We disagree.

We find no error in the trial court's consideration of the relative qualifications of Drs. Hudson and McGehee. The trial court noted that Dr. Hudson is a specialist in internal medicine, while Dr. McGehee is an orthopedic surgeon. The court noted that Dr. Hudson did not actually see the patient in a clinical setting but reviewed and "signed off on" the reports of the nurse practitioner. The court further noted that Dr. McGehee had the opportunity to view the internal structure of Employee's shoulder during surgery. Each of these factors supports the trial court's determination regarding which expert opinion to accept, and we find no error in its consideration of the experts' qualifications.

Furthermore, as discussed previously, Employer has not established that Employee gave "false" statements to Dr. McGehee. Although Employer characterized Employee's statements to Dr. McGehee as "curated" or "inconsistent," it remains unrefuted that Employee complained of increasing pain in her left arm and shoulder while pushing and pulling pallets at work on the date in question, and it is undisputed that Employee was diagnosed with a rotator cuff tear following those complaints. Thus, we cannot conclude the trial court erred in determining the causation opinion expressed by Dr. McGehee rebutted the statutory presumption of correctness attributable to Dr. Hudson's opinion.

*Unauthorized Medical Expenses*

Whether an employer who denies an employee's claim is obligated to reimburse or pay medical expenses the employee incurs from unauthorized providers depends on the facts and circumstances of the case. *Hackney v. Integrity Staffing Solutions*, No. 2016-01-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (Tenn. Workers' Comp. App. Bd. July 22, 2016). For example, in *Barrett v. Lithko Contracting, Inc.*, No. 2015-06-0186, 2016 TN Wrk. Comp. App. Bd. LEXIS 93, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 8, 2016), we explained that "an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice." Similarly, in *Young v. Young Electric Company*, No. 2015-06-0860,

2016 TN Wrk. Comp. App. Bd. LEXIS 24, at *18 (Tenn. Workers' Comp. App. Bd. May 25, 2016), we concluded the employee was entitled to continue treating with his unauthorized physician, explaining that "[a]n employer who denies liability for a compensable injury is in no position to insist upon the statutory provisions respecting the choosing of physicians." We have also noted on several occasions that a relevant consideration is whether the employee established a doctor/patient relationship with a physician of the employee's choice following the employer's denial of the claim. *See, e.g.*, *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *21-22 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018).

In its brief, Employer argues that before an employee can justifiably seek medical treatment from an unauthorized provider, the employee must communicate with the employer his or her "intent to seek unauthorized treatment." Employer cites a 1963 case, *Rice Bottling Co. v. Humphreys*, 372 S.W.2d 170 (Tenn. 1963), in support of its argument. However, we conclude *Humphreys* is clearly distinguishable in that the Supreme Court was considering circumstances in which an employee had "exhausted medical services offered by employer" before seeking unauthorized treatment. *Id.* at 173. The Court also emphasized that whether an employee is justified in seeking unauthorized medical treatment depends "on the circumstances surrounding such action." *Id.*

Here, Employee had not exhausted treatment with the authorized physician prior to seeking unauthorized medical care with Dr. McGehee. Instead, Employer elected to deny Employee's claim for benefits despite the diagnosis of a torn rotator cuff tear based on a medical causation opinion indicating the tear did not arise primarily from the employment. While an employer has the right to deny a claim, it bears the risk that it will be required to reimburse or pay for unauthorized care if a court orders the payment of benefits and/or the claim is later deemed compensable. Thus, we find no merit in Employer's argument as to this issue.

## Conclusion

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Kimberly Hagan | ) | Docket No. 2021-04-0105 |
| | ) | |
| v. | ) | State File No. 26575-2021 |
| | ) | |
| Potomac Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of February, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Gregory H. Fuller | | | | X | ghfuller@mijs.com<br>mckeffalos@mijs.com |
| Kimberly Hagan | | | | X | kimhagan17@gmail.com |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov