Robert Moyers

*v.*

Oman Construction Company, Inc., et al.

446 S.W.2d 684.

(*Knoxville*, September Term, 1969.)

Opinion filed October 31, 1969.

H. Calvin Walter, Knoxville, for petitioner.

William C. Skaggs, Knoxville, for respondents; Ayres, Parkey, Skaggs & Ware, Knoxville, of counsel.

MR. JUSTICE McCANLESS, delivered the opinion of the Court.

This is a Workmen's Compensation case in which there is an appeal from a decree of the Chancery Court at Knoxville which awarded the petitioner a recovery for permanent and total disability that he sustained on October 31, 1967, when he fell from a bridge on which he was working. There is no question that the injury is covered by the Workmen's Compensation Law or that the petitioner suffered grevious injuries from the fall. The principal question in the suit is whether there is material evidence to support the Chancellor's conclusion that the injury resulted in total and permanent disability.

The petitioner, a man sixty-four years old, an experienced bridge worker and carpenter, fell a considerable distance from a bridge on which he was working and suffered fractures of six ribs, the clavicle, and a wrist, the laceration of his scalp, a concussion, and other injuries of a less serious nature. He recovered from the fractures and laceration and a skin cancer that was discovered during an examination was successfully removed, but we find no competent testimony to support the finding of total and permanent disability.

The complainant introduced two physicians, Dr. Robert Gentry, a specialist in neurology and psychiatry, and Dr. Eugene Richard Baker, a general practitioner who had served as his family physician for several years. Dr. Gentry first began to treat the petitioner about eight months after he was hurt and prescribed certain tranquilizers and anti-depressants. He expressed the view that "Mr. Moyers, while he remains under medication, cannot return to his usual occupation" but gave no opinion about the permanency of the petitioner's disability. Dr. Baker, basing his statement on his long acquaintance with the petitioner, said that as of the last time he had seen him the petitioner could not return to the type of work he had done before his injury but did not say whether he thought the condition would be permanent.

The defendants introduced Dr. Fred Brown, a neurosurgeon, and Dr. Ray V. DePue, Jr., an ear, nose, and throat specialist. Dr. Brown thought the petitioner had no disability "from a neurological standpoint" when he examined him on December 16, 1967. Dr. DePue testified to a total hearing impairment of fifteen per cent but expressed no opinion whether the impairment resulted from the injury.

There is no other testimony relating to the question of total and permanent disability and without proof the Court cannot infer the extent or the duration of the disability.

■ The defendants resist the claim of the petitioner that they pay the charges of Dr. Gentry who was engaged by the petitioner's solicitor without consulting the defendants. We are of the opinion that the petitioner must bear this expense. *Rice Bottling Co. v. Humphreys*, 213 Tenn. 8, 372 S.W.2d 170 [1963].

452

This case, in our opinion, is controlled by *Minton v. Leonard,* 219 Tenn. 642, 412 S.W.2d 886 [1967], in which it was said:

"The trial judge has found the petitioner's condition to be permanent, without expert opinion to that effect. In this we must conclude there is error. However, it seems apparent that petitioner has not been paid all that to which the trial court, having found causal connection between the injury and condition of traumatic neurosis, might justifiably award him. Thus, in the plight of this record it would not be proper, as contended by counsel for defendant to dismiss this cause."

The judgment of the Chancery Court is reversed and the case is remanded to the Chancery Court for a new trial. The costs of the appeal are to be divided equally between the petitioner and the defendants.