Evelyn Floyd, Appellee,

*v.*

Tennessee Dickel Distilling Company et al., Appellants.

463 S.W.2d 684.

(*Nashville,* December Term, 1970.)

Opinion filed February 1, 1971.

T. ARTHUR JENKINS, Manchester, for appellee.

THOMAS H. PEEBLES, III, TRABUE, MINICK, STURDIVANT & HARBISON, Nashville, for appellants.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

This is an appeal by the defendant employer in a Workmen's Compensation case. The principal question for review is whether there is any material evidence in the record to support the findings of the Chancellor.

The proof below on behalf of the petitioner employee, Evelyn Floyd, consisted solely of her own testimony.

Mrs. Floyd testified that while working for the defendant, Tennessee Dickel Distilling Company, at a job that required repeated bending, lifting and twisting, she experienced severe back pains. She further testified that as a result of these pains she sought treatment from her family physician, incurring certain medical expenses, and was totally disabled for a period of some four months. She admitted that she has since returned to full time employment with the defendant, but testified that were she called upon to do the same work she was doing when the injury occurred, she could probably work only six, rather than her former eight hours, and that she considered herself not more than twenty-five per cent disabled.

The defendant admitted that the parties were subject to the Workmen's Compensation Laws, that Mrs. Floyd's average earnings would entitle her to the maximum weekly rates of Workmen's Compensation benefits, and that she had given the required notice of claim. The defendant denied, however, that Mrs. Floyd sustained any injury in the course of her employment, and further denied that she was entitled to any benefits under the Workmen's Compensation Laws.

The Chancellor, upon hearing of the cause, found that Mrs. Floyd had suffered a compensable injury, and awarded benefits for temporary total[1] disability for claimed period of total disability, benefits for permanent partial disability of twenty-five per cent to the body as a whole, and finally awarded her the claimed medical expenses.

---

[1] We note that in his decree the Chancellor inadvertently referred to these benefits as "permanent partial." Since in our disposition of the case there will be a remand, for rehearing of certain issues, the decree at that time may be modified appropriately.

From the Chancellor's decree the defendant perfected this appeal. The several assignments of error, with one exception, are based upon the lack of expert medical evidence in the record.

■■ We find, first of all, that there is material evidence in the record to support the finding of the Chancellor that Mrs. Floyd suffered a disabling accident in the course of her employment. Obviously this evidence consists primarily of Mrs. Floyd's own testimony, and just as obviously, it is circumstantial. Nonetheless on the authority of *Swift & Co. v. Howard,* 186 Tenn. 584, 212 S.W.2d 388 (1948) a case factually very like the instant one, we hold this evidence to be competent and material.

We also hold, under the authority of numerous decisions of this Court, that Mrs. Floyd was competent to testify with respect to her own physical condition and disability. See, e. g. *Hamlin & Allman Iron Works v. Jones,* 200 Tenn. 242, 292 S.W.2d 27 (1956); *Black Diamond Collieries v. Gibbs,* 161 Tenn. 413, 32 S.W.2d 1041 (1930).

It follows that there being material evidence in the record to support his findings, the decree of the Chancellor must be affirmed, at least insofar as it awards benefits for temporary total disability.

■ We may not, however, go further in affirmance of the decree. Even though there is material evidence in the record to support findings of both temporary total and a residual partial disability, there is none at all with respect to permanence. Nor could there be in a case of this nature, absent expert medical testimony. *Minton*

*v. Leonard,* 219 Tenn. 642, 412 S.W.2d 886 (1966); *Moyers v. Oman Construction Company, Inc.,* 223 Tenn. 449, 446 S.W.2d 684 (1969). It follows that the award of permanent partial disability benefits cannot be sustained in the record.

■ It is the opinion of the Court, however, that complete justice cannot be had in this case in the absence of medical testimony with respect to Mrs. Floyd's permanent disability. For that reason, under the authority, given us by T.C.A. sec. 27-329, the case will be remanded for the taking of proof on the issues of permanence of disability. Since this issue is so inextricably entwined with that of the extent of any permanent disability, the latter issue must also be opened on remand.

■ The one assignment of error not covered in the opinion above relates to the allowance of medical fees.

It is insisted that because Mrs. Floyd did not consult with the defendant before obtaining the services of the physician who treated her injury she is not entitled to the award of medical expenses. We disagree.

The applicable statute, T.C.A. sec. 50-1004, provides that:

"For not exceeding two years after notice of injury, the employer or his agent shall furnish free of charge to the employee such medical and surgical treatment * * * as may be reasonably required. * * * The injured employee must accept the same; provided, that the employer shall designate a group of three or more reputable physicians or surgeons * * * from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician * * *"

The statute is clear—after notice of injury the employer must furnish medical treatment to the employee. In the case before us, notice of injury is admitted by the defendant, and the record shows that medical treatment was not furnished as required by statute. It follows that the defendant is liable for the cost of the reasonably necessary medical care that Mrs. Floyd obtained for herself, Cf. *Atlas Powder Co. v. Grimes*, 200 Tenn. 206, 292 S.W.2d 13 (1956).[2]

The decree of the Chancellor is affirmed, as to the awards of temporary total disability benefits and medical expenses, and the case is remanded with instructions that the parties shall have sixty days from the date of remand to offer further proof in compliance with this opinion. The costs of this appeal to be divided equally between the parties.

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and MC-CANLESS, JUSTICES, concur.

---

[2] The cases relied on by the defendant in support of his assignment of error do not conflict with this holding. These cases, *Rice Bottling Company v. Humphreys*, 213 Tenn. 8, 372 S.W.2d 170 (1964); *Laughlin Clinic v. Henley*, 208 Tenn. 252, 345 S.W.2d 675 (1961); *Proctor & Gable Defense Corp. v. West*, 203 Tenn. 138, 310 S.W.2d 175 (1957), deal with instances in which the employer *had* provided medical care as required, and the employee, without consultation with the employer, obtained additional care. These decisions are based on the employer's right to select the physician whom he must pay. See *Irwin v. Fulton Sylphon Co.*, 179 Tenn. 346, 166 S.W.2d 610 (1942). Here, the employer is liable because he failed to exercise that right.