Clyde and Charles **BLALOCK** d/b/a Blalock
Brothers Construction Company,
Appellant,

v.

Carl Vestal **WILLIAMS**, Jr., Appellee.

Supreme Court of Tennessee.

Aug. 7, 1972.

John O. Threadgill, Knoxville, for appellant.

Ogle & Schmutzer, Sevierville, for appellee.

## OPINION

### PER CURIAM.

This is a workmen's compensation case. The sole question for decision is whether there is any material evidence to support the trial court's finding that the employee suffered a permanent partial disability of sixty percent to the body as a whole as a result of his job-connected injury.

It was admitted in the trial court that the employee, Carl Vestal Williams, Jr., injured his back in an accident arising out of and in the course of his employment, and was entitled to recover benefits for temporary total disability and medical expenses. It is also admitted, at least for the purpose of this appeal, that Williams has a permanent disability of sixty percent to the body as a whole. The contention of the employer is that whatever permanent disability that Williams has is caused by a pre-existing spinal defect, and is not the result of the industrial accident.

The proof is undisputed that prior to the injury for which compensation was sought in this case Williams suffered from spondylolisthesis, an anterior displacement of the lumbar spine which produces an unstable lumbosacral joint. Two medical doctors testified to Williams' physical condition. Both testified that because of this unstable joint Williams is permanently unfit to perform heavy manual labor. Dr. Edward Tauxe, an orthopedic surgeon who had treated Williams on a prior occasion, testified that the injury involved in the present case was a sprain or strain from which Williams had substantially re-

covered, and which produced no increase in the disability caused by the spondylolisthesis. Dr. John Hickey, a general practitioner, testified that while he had not treated Williams prior to his present injury, x-ray pictures taken after the accident, compared to those taken before, showed no change in the condition of the lumbosacral joint. He also testified, in essence, that Williams had reached his maximum recovery from the lumbosacral sprain.

 There is no question, of course, that in Tennessee "When an employer employs a workman he takes him as he is and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person." Swift & Co. v. Howard, 186 Tenn. 584, 591, 212 S.W.2d 388, 391 (1948). But it is also true that the injury must be the proximate cause of the employee's permanent disability. Manifestly, unless there is material evidence in the record that Williams' permanent disability is the result of aggravation of his pre-existing spinal weakness the finding of the trial judge cannot be sustained. Moreover, since we are dealing with a complex medical subject involving permanent injury, that material evidence must take the form of expert medical opinion. Floyd v. Tennessee Dickel Distilling Co., Tenn., 463 S.W.2d 684 (1971); Moyers v. Oman Construction Company, Inc., Tenn., 446 S.W.2d 684 (1969); Minton v. Leonard, 219 Tenn. 642, 412 S.W.2d 886 (1966).

As pointed out above, both doctors who testified in the case based their opinion of Williams' disability on the instability of his lumbosacral joint, an instability that concededly existed prior to the injury. The only testimony linking Williams' disability with aggravation of the pre-existing condition was the statement by Dr. Hickey that he "would say that any accident involving that area (the lumbar spine) would make that area more prone to injury." While this statement indicates that the accident might have caused some permanent disability, in light of the testimony of both doctors that Williams' disability to perform heavy labor is based on the concededly unchanged condition of the lumbosacral joint, we consider that it does not amount to material evidence supporting the trial judge's finding of permanent disability.

It is insisted that Dr. Tauxe gave Williams a permanent disability of five to ten percent based on a letter written to the employer's counsel in which Dr. Tauxe stated that "On the basis of temporary aggravation of this developmental weakness of his back I feel that he has an additional five to ten percent disability referable to the body as a whole." While Dr. Tauxe testified that this rating was given for purposes of settlement, the reason it is not material here is that it is clearly based on "temporary aggravation."

It follows that the judgment of the trial court awarding benefits for permanent partial disability must be reversed; the judgment in all other respects is affirmed.