UPTAIN CONSTRUCTION
COMPANY, Appellant,

v.

Oscar McCLAIN, Jr., Appellee.

Supreme Court of Tennessee.

Aug. 18, 1975.

William B. Cain, Cain & Moore, Columbia, for appellant.

Jim T. Hamilton, Mt. Pleasant, for appellee.

OPINION

COOPER, Justice.

This is an appeal by an employer from an adverse decree entered by the Chancery Court of Maury County in a workmen's compensation action.

The record shows the appellee, Oscar McClain, Jr., was employed by appellant, Uptain Construction Company, as a sand blaster helper. On March 1, 1973, Mr. McClain was called upon to lift a sand-blasting machine and to set it upright and, in doing so, injured his back.

On trial of the case on May 28, 1974, the chancellor found that as the result of the

on-the-job injury, the appellee was entitled to recover temporary total disability benefits from the date of injury to April 23, 1973, and "permanent partial disability benefits at the rate of 15% to the body as a whole."

The appellant insists there is no evidence in the record to support the chancellor's award of permanent partial disability benefits. Appellant makes no issue of the award of temporary total disability benefits.

Only two witnesses testified in this case, the appellee and his doctor, Dr. Tom K. Young. The substance of the appellee's testimony is that he has been completely free of pain since injuring his back and that he cannot perform labor without pain. Appellant further testified he has worked with reasonable consistency, though always with pain, since November, 1973, as a tile setter for Bolton Tile Company.

Appellee's assessment of his physical condition is competent testimony and may not be disregarded. However, while his testimony is of probative value in establishing simple matters, such as existence of pain, its location, his ability to work, it will not support a finding of permanent disability. *Washington County Board of Education et al. v. Hartley*, 517 S.W.2d 749 (Tenn. 1974); *Tom Still Transfer Company v. Way*, 482 S.W.2d 775 (1972). In all but the most obvious cases, such as the loss of a limb or of an eye, the permanency of an injury must be established by expert medical testimony. *Washington County Board of Education et al. v. Hartley, supra*; *Floyd v. Tennessee Dickel Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971). As heretofore noted the only witness other than appellee was Dr. Tom K. Young. According to Dr. Young, he treated Mr. McClain during the period of April 2, 1973, through April 30, 1973. Dr. Young also examined Mr. McClain on March 18, 1974, preparatory to testifying in this case. Dr. Young testified that on the initial examination of appellee on April 2, 1973, he concluded that appellee

was suffering from "an acute lumbo-sacral strain," with some left sciatic radiation through the posterior part of the thigh. There was no demonstrable nerve damage. Dr. Young testified that he then prescribed a muscle relaxing drug and also medicine for pain; that he next saw appellee on April 23, 1973, and released appellee to return to work; that on April 30, 1973, appellee returned for further treatment, still complaining of low lumbar pain with left sciatica. A muscle relaxant was prescribed at that time. Dr. Young stated that he did not examine or treat Mr. McClain further until March 18, 1974. In connection with this last examination, Dr. Young testified as follows:

"Q. All right, sir. When did you last see the patient, Doctor?

"A. He came out for an evaluation, I believe at the request of one of your attorneys on 3–18–74.

"Q. At that time, what did you find or what did he allege to you?

"A. He alleged at that time that he still had left lumbar pain most of the time and it was aggravated by strain or lifting.

"Q. All right, sir.

"A. That he still on occasion had left upper sciatica, that is, through the portion of the thigh. And I still was not able to state that he had any nerve damage.

*          *          *          *          *          *

"Q. And with a person such as Mr. McLain (sic) and with the type of injury you have indicated, I'll ask you again, is it unusual for him to complain of severe pain when he has to do the type of labor that he was doing, that is strenuous labor?

"A. That is what he has alleged to me.

"Q. Yes, sir.

"A. Three times, you might say, the original, the time I tried him a week at work, and then for his final evaluation in March.

"Q. And in your letter of March 18th that I have before me, you stated that any disability that this man would have at this time would be related to the subjective element listed above, namely pain; is that correct? (The letter referred to by counsel was not introduced in evidence.)

"A. That's correct, with this reservation, I know there is not universal agreement on this point, but I think it's fair to people, if a man has to make a living at common labor and he's unable to do it, I feel that you have to consider it in your disability."

For some reason not evident in the record, counsel for neither party asked Dr. Young if Mr. McClain had sustained any permanent disability as the result of the on-the-job injury of March 1, 1973. Absent the answer to this question, the award of permanent partial disability benefits cannot be sustained. *Floyd v. Tennessee Dickel Distilling Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971); *Moyers v. Oman Construction Company*, 223 Tenn. 449, 446 S.W.2d 684 (1969). In like cases, in the interest of doing complete justice to the parties, this court has remanded the case for the taking of proof on the issue of permanency of disability and its companion issue, the extent of the permanent disability if any is found to exist. *Floyd v. Tennessee Dickel Distilling Company, supra*; *Minton v. Leonard*, 219 Tenn. 642, 412 S.W.2d 886 (1966).

Accordingly, the decree of the chancellor awarding appellee a recovery of temporary total disability benefits is affirmed. The award of benefits for permanent partial disability is reversed and the cause is remanded for a trial upon the issues of permanence and extent of the disability, if any, of Oscar McClain, Jr., as the result of his on-the-job injury of March 1, 1973. All costs to date are adjudged against the appellee, Oscar McClain, Jr.

FONES, C. J., and BROCK and HARBISON, JJ., concur.

HENRY, J., not participating.