SECURITY INSURANCE COMPANY,
INCORPORATED, Appellant,

v.

George HUGHES, Appellee.

Supreme Court of Tennessee.

Nov. 17, 1975.

Jeffrey L. Cleary, Luther, Anderson, Ruth & Cleary, Chattanooga, for appellant.

Gene Sinor, Chattanooga, for appellee.

## OPINION

COOPER, Justice.

This is a workmen's compensation case. The employee, George Hughes, was found to have a thirty-five per cent permanent partial disability to the body as a whole as the result of "strains and sprains of his neck and lower back and other injuries" sustained in the course and scope of his employment by Hi-Lo Industries. The appellant, Security Insurance Company, Inc., the workmen's compensation insurance carrier for Hi-Lo Industries, insists there is no competent evidence that appellee's disability is permanent. No issue is made by either party as to the award of temporary total disability benefits, or of medical expenses.

Appellee has a third grade education and his training and labor has been limited to that of an upholsterer of furniture and a truck driver. On November 8, 1973, he was working as a truck driver for Hi-Lo Industries, delivering furniture in Hutchinson, Kansas. In unloading the furniture, appellee stepped upon the wheel-box of the truck to get a chair that was caught and the chair fell on his head. Appellee grabbed onto other furniture in the truck in an effort to keep his balance, with the result that a stack of chairs fell on him. Appellee was given emergency treatment in a hospital in Sikeston, Missouri. Thereafter, he drove the truck back to Cleveland, Tennessee, where he was hospitalized and treated by Dr. Garry McAllister, an orthopedic surgeon. In late January, 1974, Dr. McAllister referred appellee to Dr. Richard Donaldson for treatment of the cervical injury. Both Dr. McAllister and Dr. Donaldson testified by deposition. Both doctors stated that appellee suffered strains and sprains of the cervical and lumbar area in the accident of November 8, 1973. The symptoms of injury and their longevity led both physicians to conclude there was a good possibility of protruded or ruptured disc, with a nerve root involvement. The possibility was so strong that Dr. Donaldson indicated that if the symptoms continued for another month or so, he would suggest an exploratory lumbar surgery. Dr. Donaldson also testified that appellee could not work as a truck driver. However, when asked whether appellee's disability to work was permanent, Dr. Donaldson testified that he was not able to say "at this time" that appellee has permanent physical disability.

Dr. McAllister expressed the opinion that if appellee's symptoms continued to persist, appellee could be expected to have some permanent disability from the injury of November 8, 1973. When pinned down on the issue of permanency of disability, Dr. McAllister stated:

"Q. Okay. So at this point in time, Doctor, you would not have an opinion or would not know whether he has any disability?

"A. Right

"Q. But you would have to forego that opinion [that is, that plaintiff had permanent disability] until it was determined whether or not he did have any cervical injury or nerve root injury.

"A. Right.

"Q. Okay. So you do not have an opinion at this time as to his disability.

"A. Right."

In a case of this nature, permanent disability must be shown by expert medical testimony. *Floyd v. Tennessee Dickel Distilling Company*, 225 Tenn. 65, 463 S.W.2d 684 (1971). While the evidence in this case shows a good possibility that appellee's disability from the November 8, 1973, accident is permanent, the treating physicians refused to testify "at this time" that appellee's disability was permanent. Absent such testimony, we have no alternative but to reverse the chancellor's award of benefits for permanent partial disability. In like cases, in the interest of doing complete justice to the parties, this court has remanded the case for the taking of proof on the issue of permanency of disability and its companion issue, the extent of the permanent disability if any is found to exist. *Floyd v. Tennessee Dickel Distilling Company, supra; Minton v. Leonard*, 219 Tenn. 642, 412 S.W.2d 886 (1967).

Accordingly, that part of the decree of the chancellor awarding benefits for permanent partial disability is reversed and the cause is remanded for a trial upon the issues of permanence and the extent of the disability, if any, of George Hughes as the result of his on-the-job injury of November 8, 1973. Costs of the appeal will be divided equally between the parties.

FONES, C. J., HENRY and HARBISON, JJ., and INMAN, Special Justice, concur.