Eva WHITSON, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

Supreme Court of Tennessee.

Oct. 3, 1977.

Paul T. Gillenwater, H. Douglas Nichol, Knoxville, for appellant.

John W. Wheeler, Hodges, Doughty & Carson, Knoxville, for appellee.

## OPINION

COOPER, Chief Justice.

In this workmen's compensation action, the chancellor awarded the employee temporary total disability benefits for the period from March 12, 1976, through April 26, 1976. The employee appealed, insisting that she is permanently disabled as the result of a work-connected injury, and that she is entitled to recover medical expenses incurred by her in the treatment of her injuries. The appellee makes no issue on appeal either as to the adequacy of notice of injury or as to the finding of the chancellor that the employee suffered an injury by accident in the course and scope of her employment, though both issues were strenuously contested in the trial court. We note this to emphasize that this case should not be considered to be authority on these issues.

The record shows that Eva Whitson was employed by Southern Athletic, Inc., on February 2, 1976, as a sewing machine operator. In mid-February, Mrs. Whitson began experiencing pain and stiffness in her neck, shoulder, and arms. The pain became progressively worse. On March 10, 1976, without consulting with her employer, Mrs. Whitson went to Dr. Charles Gouffon for treatment of her complaints. Mrs. Whitson reported off from work on March 15, 1976, saying that she "was sick and that [she] couldn't get an appointment with the Doctor until Thursday, and [she] couldn't tell her [supervisor] anything until after [she had] talked to the doctor." On April 8, 1976, counsel for Mrs. Whitson notified Southern Athletic that Mrs. Whitson had sustained injuries to her neck and upper back and was making claim for workmen's compensation benefits. Mrs. Whitson continued to be treated by Dr. Gouffon until April 26, 1976, when she was discharged to return to work. On April 28, 1976, Mrs. Whitson became a patient of Dr. William F. Gallivan and continued under his care until the date of trial.

■ The two treating physicians agreed on the nature of Mrs. Whitson's injury, but disagreed as to the extent and the permanency of the injury. We, of course, are required to accept the trial judge's findings on contested issues, where there is any material evidence to support his findings. *General Shale Prod. Corp. v. Casey,* 202 Tenn. 219, 303 S.W.2d 736 (1957). Here Dr. Gouffon testified that Mrs. Whitson had a "chronic strain of the trapezius and paracervical muscles," which "would certainly go away if we gave it enough time." Dr. Gouffon further testified that Mrs. Whitson was physically able to return to work on April 26, 1976, and that she had no permanent disability as the result of her work-connected injury. The chancellor accepted Dr. Gouffon's testimony, and we must also.

■ The chancellor denied Mrs. Whitson a recovery of medical expenses incurred in the treatment of her injury, commenting that she had chosen her doctor without first consulting with her employer and that, consequently, her employer was not liable for payment of the medical charges. We disagree.

T.C.A. § 50–1004, provides that:

For not exceeding three (3) years after notice of injury, the employer or his agent shall furnish free of charge to the employee such medical and surgical treatment . . . as may be reasonably required . . . . The injured employee shall accept the medical benefits afforded hereunder; provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons . . . from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician . . . .

As noted in *Floyd v. Tennessee Dickel Distilling Company,* 225 Tenn. 65, 463 S.W.2d 684, 687 (1971), "the statute is clear—after notice of injury the employer must furnish medical treatment to the employee." In this case, the chancellor found that Mrs. Whitson gave notice of injury to Southern Athletic, Inc. There is nothing in

the record to indicate that, thereafter, Southern Athletic tendered or furnished medical treatment as required by statute. It follows then that the appellant is entitled to recover the cost of the reasonably necessary medical care she obtained for herself. *Floyd v. Tennessee Dickel Distilling Company, supra.* The reasonably necessary medical expenses in this case would be the cost of the necessary services rendered by Dr. Gouffon, which was shown to be $127.00, and necessary hospital expenses incurred by Mrs. Whitson at Dr. Gouffon's direction. The amount of the hospital expense was not specifically shown in the record, but was included in a general stipulation of expenses. It may be that, having elected to enter into a general stipulation, the parties can agree on the cost of hospitalization of Mrs. Whitson. If so, judgment will be entered in this court for the agreed amount, plus Dr. Gouffon's charges. In the event the parties can not agree on the cost of necessary hospitalization, an order will be entered remanding the cause to the Chancery Court of Knox County for trial of the issue. In either event, costs of the appeal are adjudged against the parties equally.

FONES, HENRY, BROCK and HARBISON, JJ., concur.