Ronnie L. BOWERS, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY and Frosty Morn Meats, Appellees.

Supreme Court of Tennessee.

May 7, 1979.

Paul D. Welker, Clarksville, for appellant.

George B. McGugin, Nashville, for appellees.

## OPINION

HENRY, Chief Justice.

In this workmen's compensation case, plaintiff Bowers appeals from the Chancellor's denial of benefits. We affirm.

### I.

Appellant Ronnie Bowers was employed as a jack operator at appellee Frosty Morn's plant. His duties involved strenuous lifting and bending in a cold (28°–32°), wet and grimy area. The employees wore heavy clothing and coats for warmth, but their clothing usually became saturated with water in the course of the day.

The medical proof establishes that because Bowers is a diabetic, he is more susceptible to infections. The disability for which he is claiming workmen's compensation benefits arises from a staphylococcal infection that manifests itself in a boil on his knee. The infection had appeared in other parts of his body, causing him to miss several days of work in September and October. Although Bowers experienced some stiffness in his knee, it was functional after a weekend of rest.

On Monday, November 3, Bowers reported for work at 5:00 a. m. By mid-morning, however, the knee had swollen to the point that he had to split his pants leg to relieve the pressure. He then notified his supervisor that he was leaving work to see his physician, Dr. Ross, who wrapped the knee after applying a salve. When his knee had not improved the following day, he went to his wife's physician, Dr. Smith. Dr. Smith treated him with antibiotics and told him to stay in bed. After three weeks, the knee ruptured, and Bowers was confined to bed for three months. Since that time, he has been unable to perform heavy work, to stand for long periods of time, or to find another job.

### II.

Bowers claims that the cold, wet, and grimy conditions at Frosty Morn caused or aggravated the staphylococcal infection and produced the disability to his knee. The Chancellor ruled that:

the two bars to recovery to the petitioner are: (1) There is no certainty either in the mind of the petitioner or from the proof when the infection (to the knee of Ronnie Bowers) began. There is no question that it began while he was employed at Frosty Morn, but the question of whether it began or was contracted while on the job is a matter of speculation. (2) The doctor's testimony tying in the infection to the scene of employment was only tentative.

■ The scope of review in workmen's compensation cases is limited to determining whether there is any evidence to support the trial court's judgment. *Continental Insurance Co. v. Dowdy,* 560 S.W.2d 619 (Tenn.1978). There is material evidence to support the Chancellor's ruling that Bowers did not contract the infection at work.

At oral argument the parties disagreed whether the Chancellor had considered appellant's claim that the environment at Frosty Morn had aggravated Bowers' condition. The Chancellor's Order states:

It is Complainant's theory that as a result of working in the unsanitary conditions at his place of employment he contracted a staph infection on his knee. Because he is a diabetic this infection was so severe that it caused him to incur a permanent disability of the infected leg.

■ Although the Chancellor apparently did not consider whether the "unsanitary conditions" aggravated the infection, his failure to do so was proper. First, there was no medical evidence establishing that the working conditions aggravated the infection. All the testimony focused on whether the infection was contracted at work and as a result of the working environment. As noted above, there is material evidence to support the finding that Bowers did not contract the infection at work.

Our cases recognize that "[w]hen an employer employs a workman he takes him as he is and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person." *Swift and Co. v. Howard,* 186 Tenn. 584, 591, 212 S.W.2d 388, 391 (1948). *The Globe Co. v. Hughes,* 223 Tenn. 37, 442 S.W.2d 253 (1968); *Blalock v. Williams,* 483 S.W.2d 578 (Tenn.1972).

This theory, however, cannot be applied to allow recovery under the facts presented in the instant case. In cases allowing recovery on the basis of aggravation, the disability was incurred when the employee's pre-existing condition was aggravated or accelerated by strenuous working conditions or some work-related trauma. *See American Precision, Inc. v. Ottinger,* 562 S.W.2d 818 (Tenn.1978); *Laminite Plastics Mfg. v. Greene,* 561 S.W.2d 458 (Tenn.1978); *Globe Co., Inc. v. Hughes, supra.* In the instant case, however, Bowers was unable to establish that the infection producing the disability was work-related.

Having employed Bowers with a pre-existing weakened condition (diabetes), which generally made Bowers more susceptible to infections, Frosty Morn assumed the risk that Bowers might contract an infection at work from conditions that would not affect a completely healthy employee. The company, however, cannot be held liable for aggravation of an infection that Bowers contracted from some source other than work and which has not been shown to be employment-related. Since there is material evidence to support the finding that the infection was contracted from some source other than work, possible aggravation of the infection by the cold, wet, and grimy working environment is not a compensable "injury by accident arising out of and in the course of employment" within the meaning of § 50–902, T.C.A.

Appellee Frosty Morn has requested the award of damages for a frivolous appeal pursuant to § 27–124, T.C.A. Having considered the issues raised in this appeal, the Court finds that the motion is not well taken.

Accordingly, the judgment of the trial court is affirmed and appellee's request for damages is denied.

The costs are taxed against appellant.

FONES, COOPER, HARBISON and BROCK, JJ., concur.