IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
April 6, 2011 Session

## ROBERT LAZAR v. J.W. ALUMINUM

**Appeal as of Right from the Chancery Court of Madison County**
**No. 66188      James F. Butler, Chancellor**

---

**No. W2010-00659-SC-R3-WC - Filed July 26, 2011**

---

An employee settled his claim for workers' compensation benefits. The settlement stated that the award of vocational disability benefits to which the parties agreed was not based on the medical impairment rating of either the treating physician or the employee's independent medical examiner. After the employee was laid off, he sought reconsideration of his benefits pursuant to Tennessee Code Annotated section 50-6-241(d)(1)(B)(iv) (2008). The chancery court declined to use the impairment rating of the treating physician or the independent medical examiner. The court further declined to base its increased award on a rating from an independent medical evaluation of the employee conducted after the settlement by a physician listed in the Medical Impairment Rating registry of the Tennessee Department of Labor. The chancery court instead awarded additional permanent partial disability benefits based on an impairment rating computed from the percentage of permanent partial disability reflected in the settlement. The employer appealed. We affirm the chancery court.

**Tenn. Code Ann. § 50-6-225(e) (2008) Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., and GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Blakely D. Matthews and J. Cole Dowsley, Jr., Nashville, Tennessee, for the appellant, J.W. Aluminum.

George L. Morrison III and Spencer Barnes, Jackson, Tennessee, for the appellee, Robert Lazar.

**OPINION**

I. Facts and Procedural History

Robert Lazar sustained an injury to his right shoulder while working for J.W. Aluminum on December 5, 2007. Mr. Lazar's treating physician, Dr. Adam Smith, surgically repaired the injury and released Mr. Lazar from his care. Mr. Lazar then returned to work for J.W. Aluminum in his previous position.

Mr. Lazar filed a claim for workers' compensation benefits. Dr. Smith assigned Mr. Lazar an impairment rating of 2% to the body as a whole. Mr. Lazar also obtained an independent medical evaluation from Dr. Samuel Chung, who assigned Mr. Lazar an impairment rating of 17% to the body as a whole. Following a benefit review conference, Mr. Lazar and J.W. Aluminum settled Mr. Lazar's claim for 12.4% permanent partial disability to the body as a whole. See Tenn. Code Ann. § 50-6-206(a)(1) (2008). The Tennessee Department of Labor approved the settlement. See Tenn. Code Ann. § 50-6-206(c).

Less than four months after reaching the settlement, J.W. Aluminum laid off Mr. Lazar. Mr. Lazar initiated a second benefit review conference requesting a reconsideration of the workers' compensation benefits. Tenn. Code Ann. § 50-6-241(d)(1)(B)(iv) (2008). The parties failed to reach a settlement.

Mr. Lazar filed a complaint in the chancery court of Madison County requesting a reconsideration of his workers' compensation benefits pursuant to Tennessee Code Annotated section 50-6-241(d)(1)(B). Shortly thereafter, J.W. Aluminum obtained an independent medical evaluation of Mr. Lazar by a physician listed in the Medical Impairment Rating (MIR) registry of the Tennessee Department of Labor. Tenn. Code Ann. § 50-6-204(d)(5) (2008). The MIR registry physician, Dr. John Stanton, conducted an evaluation and opined that Mr. Lazar retained a 7% impairment to the body as a whole.

The chancery court held a hearing to reconsider Mr. Lazar's permanent partial disability. The parties stipulated to the impairment ratings assigned by Dr. Smith, Dr. Chung, and Dr. Stanton. Mr. Lazar testified as to his physical condition.

The chancery court declined to use any of the three impairment ratings assigned by the physicians and instead determined that the parties' settlement of 12.4% permanent partial disability was based on an impairment rating of 8.27%. The chancery court assumed that the settlement of 12.4% permanent partial disability represented one and one-half times the medical impairment rating, the maximum permanent partial disability award permitted by

Tennessee Code Annotated section 50-6-241(d)(1)(A) for employees returned to work. The trial court awarded Mr. Lazar benefits based on 38% permanent partial disability to the body as a whole, less a credit for the amount previously paid as a result of the prior settlement.

J.W. Aluminum appealed. The appeal was referred to a Special Workers' Compensation Appeals Panel. Tenn. Sup. Ct. R. 51 § 1. After oral argument before the Panel, this Court transferred J.W. Aluminum's appeal to the full Court for consideration. Tenn. Sup. Ct. R. 51 § 2.

## II. Analysis

J.W. Aluminum contends that the trial court erred in awarding Mr. Lazar additional benefits based on a medical impairment rating computed from the permanent partial disability reflected in the settlement. J.W. Aluminum also asserts that the trial court's award of permanent partial disability benefits was excessive.

### A. Reconsideration of Workers' Compensation Awards

The Workers' Compensation Law limits the permanent partial disability benefits that an injured employee may receive if the pre-injury employer returns the employee to work "at a wage equal to or greater than the wage the employee was receiving at the time of the injury." Tenn. Code Ann. § 50-6-241(d)(1)(A). For injuries occurring on or after July 1, 2004, an employee returned to work may receive maximum permanent partial disability benefits of one and one-half times the employee's medical impairment rating. Tenn. Code Ann. § 50-6-241(d)(1)(A).

An employee may seek reconsideration of permanent partial disability benefits if the employer no longer employs the employee at a wage equal to or greater than the pre-injury wage within four hundred weeks from the employee's return to work. Tenn. Code Ann. § 50-6-241(d)(1)(B)(i); but see Tenn. Code Ann. § 50-6-241(d)(1)(B)(iii). A court may award an employee meeting these qualifications additional permanent partial disability benefits greater than one and one-half times the employee's medical impairment rating. An award of permanent partial disability benefits, however, cannot exceed six times the employee's impairment rating. Tenn. Code Ann. § 50-6-241(d)(2)(A); see Nichols v. Jack Cooper Transp. Co., 318 S.W.3d 354, 361 n.1 (Tenn. 2010).

Section 50-6-241(d)(1)(B)(iv) provides, "Any new settlement or award regarding additional permanent partial disability benefits . . . shall be based on the medical impairment rating that was the basis of the previous settlement or award." The settlement between J.W. Aluminum and Mr. Lazar, however, does not reflect the medical impairment rating that was

the basis for the award. To the contrary, the parties agreed "that no agreement has been reached with respect to either Dr. Smith's or Dr. Chung's rating being the rating accepted for the purposes of settlement in this case." On appeal, therefore, we must determine the proper application of section 50-6-241(d)(1)(B)(iv) to a settlement in which the parties have failed to agree on the applicable medical impairment rating.

The construction of a statute and its application to the facts of a case are questions of law, which we review de novo. State v. Marshall, 319 S.W.3d 558, 561 (Tenn. 2010). "Our role in statutory interpretation is to give a statute the full effect of the General Assembly's intent without unduly restricting or expanding the statute's intended scope." Id. If the statute's language is unambiguous, we find the General Assembly's intent in the plain and ordinary meaning of the language. Id. In addition, a settlement is a contract and therefore subject to the rules governing the interpretation of contracts. See Barnes v. Barnes, 193 S.W.3d 495, 498 (Tenn. 2006); Johnson v. Johnson, 37 S.W.3d 892, 896 (Tenn. 2001). We ascertain the parties' intent based on the natural and ordinary meaning of the contractual language. Guiliano v. Cleo, Inc., 995 S.W.2d 88, 95 (Tenn. 1999). Interpretation of a settlement is a matter of law subject to a de novo review. Barnes, 193 S.W.3d at 498.

Based on the language of Tennessee Code Annotated section 50-6-241, the reconsideration of the employee's permanent partial disability is not limited to the previous award, but it must be based on the medical impairment rating on which the original award was based. Tenn. Code Ann. § 50-6-241(d)(1)(B)(iv); cf. Brewer v. Lincoln Brass Works, Inc., 991 S.W.2d 226, 229 (Tenn. 1999) (holding that an employee seeking benefits for a new impairment must file a new workers' compensation claim rather than attempt to enlarge a previous award). A trial court may not consider additional evidence of an employee's impairment rating when a complaint for reconsideration of benefits is filed. Cf. 8 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Laws § 131.03[2][a] (Rev. ed. 2009) ("In short, no matter who brings the reopening proceeding, neither party can raise original issues such as . . . degree of disability at the time of the first award."). We therefore conclude that if a settlement in the original claim does not specify an impairment rating, a trial court may, as the trial court did in this case, extrapolate the impairment rating from the parties' underlying settlement.

We agree with the chancery court that J.W. Aluminum and Mr. Lazar "impliedly agreed upon" a rating of 8.27% medical impairment from the original award of 12.4% permanent partial disability. The settlement included a provision acknowledging that "the maximum permanent partial disability award that Employee may receive is one and one-half (1.5) times the medical impairment rating." Accordingly, the settlement implies that Mr.

Lazar received the maximum award available to him pursuant to the statute.[1] Tenn. Code Ann. § 50-6-241(d)(1)(A). Moreover, the trial court's computation of 8.27% medical impairment is consistent with the parties' intent to use neither Dr. Smith's rating nor Dr. Chung's rating for purposes of the settlement of 12.4% permanent partial disability.[2]

The chancery court also declined to use the MIR registry physician's impairment rating obtained by J.W. Aluminum subsequent to the original settlement. Tennessee Code Annotated section 50-6-204(d)(5) governs the use of the MIR registry. The statute's only prerequisite to the use of the MIR registry is "a dispute as to the degree of medical impairment." Tenn. Code Ann. § 50-6-204(d)(5). By its terms, section 50-6-204(d)(5) does not preclude the use of an impairment rating of an MIR registry physician in a reconsideration action.

Nonetheless, we conclude that the use of an impairment rating obtained from an MIR registry physician subsequent to the original award or settlement of a workers' compensation claim is inconsistent with the reconsideration of an award. When an award is subject to reconsideration, the trial court is bound by the medical impairment rating that was the basis of the original award or settlement. Tenn. Code Ann. § 50-6-241(d)(1)(B)(iv). The chancery court therefore properly declined to apply the MIR registry physician's impairment rating obtained after the original settlement.[3]

---

[1] Parties are free to settle both workers' compensation claims and reconsideration claims subject to the applicable statutory limitation. See Tenn. Code Ann. § 50-6-206(a)(1). Parties may, of course, settle claims for less than the statutory maximum of one and one-half times the medical impairment rating. Our resolution of this case does not require us to consider the manner in which reliance on a lesser impairment rating would be established in a reconsideration case because the settlement agreement references the maximum award available to the employee.

[2] We also observe that Tennessee Code Annotated section 50-6-241(d)(1)(B)(v) prohibits an employee from waiving or forfeiting, and the parties from compromising or settling, "the employee's rights to reconsideration pursuant to this section." The parties did not raise and we do not reach the issue of whether an agreement to dispense with an applicable medical impairment rating impermissibly waives or compromises Mr. Lazar's right to reconsideration based on a medical impairment rating at the time of the settlement.

[3] We are unable to determine from the appellate record whether the MIR registry physician based his 7% medical impairment rating on Mr. Lazar's medical condition at the time of the settlement or at the time of the medical examination. It is unlikely that Dr. Stanton attempted to "recreate" the medical impairment rating at the time of the settlement since the settlement for 12.4% permanent partial disability would be in excess of maximum permanent partial disability that could have been awarded to Mr. Lazar. Tenn. Code Ann. § 50-6-241(d)(1)(A). One and one-half times Dr. Stanton's 7% medical impairment rating is less than the award received by Mr. Lazar and would call the validity of the settlement into question. If,
(continued...)

*Excessive Award*

We next consider whether the chancery court's award of 38% permanent partial disability is excessive. In a workers' compensation appeal, we review a chancery court's findings of fact "de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of evidence is otherwise." Tenn. Code Ann. § 50-6-225(e)(2) (2008). We give considerable deference to the trial court's findings as to credibility and the weight to be given testimony when the trial judge has seen and heard the testimony. Whirlpool Corp. v. Nakhoneinh, 69 S.W.3d 164, 167 (Tenn. 2002).

Mr. Lazar testified that he was forty-seven years old at the time of the hearing. He graduated from high school but has no additional education. He stated that he has "excellent" reading and writing skills. Prior to being hired by J.W. Aluminum, Mr. Lazar had been a delivery truck driver for a liquor wholesaler, an automobile paint and body repairman, and the first mate on a sport fishing boat. He had worked at J.W. Aluminum for twelve years, performing various jobs involving fabrication of aluminum sheeting. After J.W. Aluminum closed, he was unemployed for approximately two months. Mr. Lazar then obtained a job through a temporary employment agency. The job requires Mr. Lazar to drive a forklift truck for Bodine Aluminum, a company that manufactures aluminum engine blocks. At the time of the hearing, Mr. Lazar continued to be employed in a temporary position with Bodine Aluminum.

Mr. Lazar had neither sought nor received medical treatment for his injury after his release by Dr. Smith in August 2008. He testified that Dr. Smith imposed restrictions of lifting no more than seventy-five pounds and no above-the-shoulder work. Mr. Lazar testified that his shoulder hurt all the time and that he used Tylenol Arthritis medication and heating pads to alleviate the pain. Because of the injury, Mr. Lazar was unable to sleep on his right side. His job at Bodine Aluminum required him to push and pull engine blocks on rollers, causing increased pain. Lifting his arm above his shoulder was painful, and he testified he did not have as much strength in his arm as he did prior to the injury. He also testified that his pain prevented him from bowling and hindered his ability to fire a pistol for recreation. Mr. Lazar believed that he would have difficulty performing any of his prior jobs. He acknowledged, however, that he had been able to perform his job for J.W. Aluminum satisfactorily during the period between his return to work and his discharge.

---

[3] (...continued)
as is more likely, the medical impairment rating of 7% relates to the date of Dr. Stanton's examination of Mr. Lazar, it would require a trial court to use an impairment rating other than the rating on which the original settlement was based, thereby contravening Tennessee Code Annotated section 50-6-241(d)(1)(B)(iv).

In determining an employee's permanent partial disability benefits, a trial court "shall consider all pertinent factors, including lay and expert testimony, the employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition." Tenn. Code Ann. § 50-6-241(d)(2)(A). The court may consider the claimant's own assessment, expert testimony, or both. See Uptain Constr. Co. v. McClain, 526 S.W.2d 458, 459 (Tenn. 1975).

The chancery court's award of 38% permanent partial disability is less than five times Mr. Lazar's medical impairment rating of 8.27%. The chancery court therefore was not required to include specific findings of fact supporting the award. Tenn. Code Ann. § 50-6-241(d)(2)(B). We observe, as did the chancery court, that all of Mr. Lazar's previous jobs involved heavy physical labor or overhead work, which Mr. Lazar testified would be difficult for him to perform with his injury. Moreover, Mr. Lazar's testimony shows that his temporary employment causes him pain and is difficult for him to perform and that his pain limits his recreational activities. Based on the record before us, we are unable to determine that the evidence preponderates against the chancery court's award of 38% permanent partial disability to the body as a whole.

## Conclusion

We hold that a court's reconsideration of a workers' compensation award is limited to a determination of additional permanent partial disability based on the employee's impairment rating at the time of the initial award or settlement. The chancery court therefore properly computed the 8.27% medical impairment rating based on the settlement's assignment of 12.4% permanent partial disability benefits and the provision stating that Mr. Lazar may receive a maximum permanent partial disability award of one and one-half times his medical impairment rating. We further conclude that the evidence does not preponderate against the chancery court's award to Mr. Lazar of 38% permanent partial disability to the body as a whole. Costs are assessed against appellant, J.W. Aluminum, and its surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE